## DEMING *a.* THE NEW YORK MARBLE CO.

*Supreme Court, First District; Special Term, December,* 1860.

RECEIVER.—PRIORITY OF APPOINTMENT.

The plaintiff brought an action against a corporation and certain of its trustees, and obtained an injunction and an order for a receiver, referring it to a referee to appoint a suitable person. The trustees who were defendants, appealed from this order, and obtained a stay of proceedings, and meanwhile brought a suit against the same corporation and obtained the appointment of a receiver. The order for a receiver in the first action was subsequently affirmed, and the referee thereupon proceeded under the order and appointed a receiver.

- *Held,* that the latter appointment related back to the time of granting the order of reference, and gave the receiver so appointed a right to possession of the assets, to the exclusion of the other.

Motion by a receiver of a corporation, who was appointed in this action, to compel a receiver appointed in another action to deliver to him the assets.

The action was brought by the plaintiff against the New York Marble Co,. and Henry Dwight and James R. Bume, who were trustees of that company.

From the papers used on this motion it appears that in March, 1860, an order of reference was made to James W. Fowler, Esq., to appoint a receiver of the New York Marble Company, who should manage its affairs and pay its debts under the direction of the court; during the pendency of the action, the defendants, Henry Dwight and James R. Bume, being enjoined and restrained from any further interference with the property and affairs of the company, on the ground of their alleged fraudulent mismanagement as officers and trustees. From this order Dwight and Bume appealed to the general term, and, pending the appeal, obtained a stay of proceedings, restraining Mr. Fowler, the referee, from proceeding to appoint a receiver of the company.

On the same day on which, and immediately after, the order

of injunction was made, Bume instituted a suit against the company in his own behalf, to recover the sum of about $15,000, claimed to be due for cash loaned by him to the company. In this suit judgment was immediately entered by confession and consent of his co-trustee, Dwight, and the sheriff forthwith made a levy upon execution, and was proceeding to sell the property of the company for Bume's benefit, when Deming, the plaintiff in this action, procured an order setting aside all proceedings in Bume's suit subsequent to judgment, and the defendants Bume and Dwight were ordered to show cause why they should not be punished for their violating the order enjoining them from interfering with the property of the company above referred to.

Bume then commenced another action in this court, for the same alleged claim, and this time obtained judgment by default, for about $15,300. On this judgment execution was issued, and the property of the company, worth about $25,000, was sold out under it to one Demarest, for less than $6,000, and the execution was returned unsatisfied for the balance. Bume, on the 28th of August last, procured Jeremiah F. Jenkins, Esq., to be appointed receiver of the company's assets and property, and he entered into possession as such, and proceeded to collect moneys due to the company, and to discharge the general duties of receiver for Bume's benefit.

In the month of October last, the general term affirmed the injunction-order of the special term which referred the appointment of receiver to James W. Fowler, Esq., and the stay of proceedings being at an end, Mr. Fowler accordingly filed his report, dated Oct. 14, 1860, whereby he appointed William W. Green the receiver of the company.

Mr. Green attempted to enter on the discharge of his duties, but was forcibly prevented from doing so by Jenkins, who claimed to be receiver by prior appointment.

This motion was made by Green to compel Jenkins to deliver up to him the custody and possession of the company's property and assets, and to restrain Jenkins from any further interference with said company or said Green, as receiver or otherwise; claiming that when the order of reference was made for the selection of a person to be receiver, and a receiver was subsequently appointed in pursuance thereof, his title vested

by relation from the date of the order, and attached upon all the property to which the receivership could properly extend, exactly in the same manner and to the same effect as if the order, instead of directing the reference, had named the re- ceiver.

*W. H. L. Barnes*, for the motion.

*L. S. Chatfield*, opposed.

Hogeboom, J.—I think the appointment of Green as receiver was regular, and by relation dates back to the period when the order of reference was granted to appoint a receiver. The appointment of Jenkins as receiver, in proceedings subsequent- ly commenced, was improvident if not irregular. In the con- test for the possession and control of the assets of the company, I think Green is entitled to precedence, as having by relation received the first appointment, and therefore that the other receiver should surrender to him the assets of the company.

But it is suggested, by affidavit, on the part of the defendants Dwight and Bume, in the Deming suit, that Green is not a suit- able person for receiver—has rival interests, which will bring him in conflict with those of the New York Marble Company, and is hostile to the parties who are most largely interested in its affairs; that his appointment was made without proper notice to these parties, and when they supposed the matter was still open for examination and the introduction of testimony before the referee. As the case now stands, these affidavits are not answered, and they show a state of facts which the parties interested ought to have some opportunity of bringing to the notice of the court by way of objection to the appointment of Green, if they shall be so advised. To give them an opportu- nity to do so, I think it proper to postpone for a short time the operation of the order, which must be made, in the present attitude of the case, requiring Jenkins to surrender to Green the assets of the company. This can do no harm, as there is only an insignificant amount of assets in the hands of Jenkins, and the injunction may in the mean time be continued.

The order will, therefore, require Jenkins to deliver over to Green the property and effects of the company on or before the

15th day of January next, unless in the mean time some other receiver be appointed in the place of the said Green, or some other order be made in the premises. The injunction already granted to be in the mean time continued.